# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 22-195V

| | |
|---|---|
| KARI LYNN FISHER,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: November 18, 2025 |

*Jonathan Joseph Svitak*, Shannon Law Group, P.C., Woodridge, IL, for Petitioner.

*Sarah Black Rifkin*, U.S. Department of Justice, Washington, DC, for Respondent.

### RULING ON ENTITLEMENT [1]

On February 22, 2022, Kari Lynn Fisher filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration ("SIRVA") - as the result of an influenza ("flu") vaccine received on December 23, 2020. Petition at 1, ¶¶ 3, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Because the parties reached an impasse in their informal discussions to settle this case, Petitioner filed a Motion for a Ruling on the Record on January 31, 2024. ECF No. 26. In reaction, Respondent filed a combined Response and Rule 4 Report on February 27, 2024, contesting Petitioner's entitlement to compensation, and Petitioner filed a Reply brief on March 12, 2024. ECF Nos. 27, 28.

The parties were subsequently notified that I would resolve this dispute via an expedited entitlement hearing, which took place on November 17, 2025. ECF No. 29, Hearing Order filed November 7, 2025 (Non-PDF Order).

Petitioner argues that she has established a Table claim for SIRVA, while Respondent disputes that the Table elements have been met, specifically arguing that Petitioner has failed to establish that she suffered the onset of pain within 48 hours of vaccination pursuant C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)(ii) (although he challenges no other claim elements). ECF Nos. 26-28.

After considering the arguments of both sides and questioning the parties in regard to the disputed issue at the expedited hearing on November 17, 2025, I issued an oral ruling on entitlement constituting my findings of fact and conclusions of law, pursuant to Section 12(d)(3)(A). An official recording of the proceeding was taken by a court reporter, although a transcript has not yet been filed in this matter. I hereby fully adopt and incorporate that oral ruling as officially recorded. In another recent decision I discussed at length the legal standards to be considered in determining entitlement. I incorporate herein my prior discussion in Section III (A) of *Tully v. Sec'y of Health & Hum. Servs.,* No. 21-1998V, 2024 WL 4533515, at *6-8 (Fed. Cl. Spec. Mstr. Sept. 20, 2024) to the instant Ruling. Additionally, the official recording of my oral ruling includes discussion of specific facts relating to Petitioner's claim that further informed my resolution of this matter.

Based on my review of the complete record as a whole, and for the reasons discussed in my oral ruling, pursuant to Section 12(d)(3)(A) of the Vaccine Act I find that Petitioner has established that she likely suffered the onset of pain within 48 hours of vaccination pursuant C.F.R. §§ 100.3(a)(XIV)(B), 100.3(c)(10)(ii). I further find that all other SIRVA Table requirements are met (*see* 42 C.F.R. §100.3(c)(10)). Additionally, Petitioner has established the other claim requirements listed in Section 11(c), *i.e.,* receipt of a covered vaccine, etc. *See generally* § 11(c)(1)(A)(B)(D)(E). I therefore find that Petitioner is entitled to compensation in this case.

Based on the entire record, I find that Petitioner has provided preponderant evidence satisfying all requirements for a Table SIRVA. Petitioner is entitled to compensation. A Damages Order will issue.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master